UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

SUCCESSION                                CIVIL ACTION NO. 10-cv-0001

OF                                        JUDGE HICKS

MILTON CONNER, SR.                        MAGISTRATE JUDGE HORNSBY

**MEMORANDUM RULING**

Milton Conner, Sr. worked for General Motors and participated in a life insurance benefits plan offered by the company and insured by Metropolitan Life Insurance Company. Mr. Conner is alleged to have named his mother as his beneficiary, but she predeceased him. Several competing claims to the life insurance proceeds have been made.

Mr. Conner's succession proceeding was opened in a Caddo Parish state court, and Emma Hall was appointed administrator of the succession. Ms. Hall filed in the succession proceeding a "Petition for Surrender of Insurance Proceeds and for Penalties and Attorneys' Fees" that named as defendant Metropolitan Life. Ms. Hall alleged that there were no surviving named beneficiaries and that the estate was entitled to the proceeds of the policy.

Metropolitan Life removed the case based on an assertion that the GM plan was governed by ERISA, so that Ms. Hall's claims were completely preempted by federal law. See Metropolitan Life Ins. Co. v. Taylor, 107 S.Ct. 1542 (1987). Metropolitan Life filed an answer that included an interpleader, designed to bring the competing claimants before this court for a decision as to who is entitled to the life insurance benefits.

Ms. Hall has filed a Motion to Remand (Doc. 8), which is now before the court. She argues (1) her petition does not plead a federal claim on its face, (2) Metropolitan has not provided adequate evidence that the claims involved the application of ERISA, and (3) the unrelated succession proceedings should be remanded even if ERISA is found to govern the life insurance claims.

Metropolitan Life, in response to the motion, has submitted copies of the plan documents that provide ready evidence that the plan at issue is an employee welfare benefit plan under ERISA. The documents indicate that GM paid the full costs of the basic life benefits, the plan states that it is a welfare benefit plan sponsored by GM and governed by ERISA, and the plan provides the employees certain rights and protections under ERISA. The court is persuaded that the plan at issue is governed by ERISA. Ms. Hall's claim for benefits is, therefore, completely preempted by ERISA, and Metropolitan Life was entitled to remove the claim for benefits despite the lack of a federal claim on the face of the state court petition. See Metropolitan Life Ins. Co. v. Taylor, supra.

The caption of this case is "Succession of Milton Conner, Sr." because Ms. Hall elected to file her petition against Metropolitan within that succession proceeding, rather than as a separate civil action. Metropolitan Life has filed with this court, in compliance with standing instructions to file copies of all state court pleadings in a removed case, copies of the various succession-related filings and orders. Ms. Hall asks the court to remand the succession matters pursuant to the probate exception to federal court jurisdiction. See

Marshall v. Marshall, 126 S.Ct. 1735 (2006) ("the probate exception reserves to state probate courts the probate or annulment of a will and the administration of a decedent's estate; it also precludes federal courts from endeavoring to dispose of property that is in the custody of a state probate court.")

Metropolitan did not address this issue in its memorandum. The court agrees with Ms. Hall that the probate exception is applicable to the core succession issues; this court's ERISA-based jurisdiction is limited to the petition for benefits that Ms. Hall filed against Metropolitan. To the extent the succession proceedings were deemed removed to this court by virtue by Metropolitan's notice of removal in response to Ms. Hall's petition, those claims should be remanded to the state court. An order consistent with this ruling will issue.

THUS DONE AND SIGNED in Shreveport, Louisiana, this 3rd day of June, 2010.

MARK L. HORNSBY
UNITED STATES MAGISTRATE JUDGE