UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

EMMA HALL                                         CIVIL ACTION NO. 10-cv-0001

VERSUS                                            JUDGE HICKS

METROPOLITAN LIFE INSURANCE        MAGISTRATE JUDGE HORNSBY
COMPANY

## MEMORANDUM ORDER

This is an interpleader under ERISA concerning life insurance benefits due under a group policy issued to Milton Conner, Sr.  Coverage was provided in the amount of $61,000. At the time of his death, Conner had designated his mother, Elizabeth Hall, as his beneficiary.  However, she predeceased him. Questions then arose regarding the proper recipient of the policy proceeds.

The Succession of Conner filed a petition in state court against MetLife within the succession proceedings.  MetLife removed the matter, regrettably, effected removal of the entire succession proceeding (and which necessitated a later remand order).  MetLife then answered the petition and filed this claim for interpleader.

MetLife's pleadings confirm that it received competing claims for the life insurance benefits from six separate claimants.  Doc. 47, p. 3 of 20.  In an attempt to resolve this matter as efficiently as possible, a status conference was held on June 30, 2010, and counsel for all competing claimants participated.  Through their counsel, the parties agreed that, once the issue of attorney's fees (sought by both the Succession of Conner and MetLife) are resolved, the court would then (1) issue an order disbursing the policy benefits (plus interest) from the

registry of the court to counsel for the Succession of Conner, Mr. Soileau, who agreed to hold the funds in his trust account pending further order from the First Judicial District Court; and (2) sign a judgment discharging and releasing MetLife from further responsibility in this matter. During the conference, the court suggested that both the Succession of Conner and MetLife waive their competing claims for attorney's fees so that the matter could be closed. However, the parties were not in a position to reach such an agreement.

The Succession's Motion for Attorney's Fees (Doc. 42) argues that its fees and costs should be awarded because they were incurred only because MetLife failed to timely deposit the policy proceeds into the registry of the court. The Succession's motion notes that an award of attorney's fees under ERISA is within the court's discretion. It argues that the discretion should be exercised to award fees because to deny it an award would reward MetLife for its failure to pay the life insurance benefits that were clearly owed.

MetLife's motion for attorney's fees is in incorporated within its Motion for Discharge and Dismissal (Doc. 31). MetLife asserts that it is a disinterested stakeholder which acted in good faith to determine the rightful claimant to the policy benefits. As such, MetLife contends, it is entitled to attorney's fees and costs for the prosecution of the action. MetLife notes that, while the court has authority to award reasonable attorney's fees in interpleader actions, such an award is discretionary with the court.

The court has reviewed the parties' submissions, as well as the rather tortured procedural history of this litigation, and finds that the best exercise of its discretion is to deny

both motions for attorney's fees.  With regard to the Succession's motion, it cannot reasonably be said that the Succession has achieved "some degree of success on the merits" as required by Hardt v. Reliance Standard Life Insurance Company, 130 S.Ct. 2149, 2158 (2010).  This court still does not know which of the competing claimants is entitled to recover the life insurance proceeds.  Instead, the judgment that will be issued by this court will merely authorize Mr. Soileau, as attorney for the Succession, to hold the proceeds in his trust account pending further order of the state court. At best, that represents nothing more than a "purely procedural victory" which does not meet the relevant standard.  Hardt, supra.

But even if the standard were met here, the court would nonetheless exercise its discretion to deny fees.  While Metlife may not have deposited the funds into the registry of the court as quickly as it should have, there is no evidence of bad faith or culpability.  And because there is no bad faith or culpability, an award of fees would not deter other persons (or insurers) acting under the same or similar circumstances.  See Baptist Memorial Hospital v. Crain, 2010 WL 3278258 (5th Cir. 2010)(outlining non-exclusive factors to be considered in determining whether to award fees under ERISA); Schexnayder v. Hartford, 600 F.3d 465, 471-472 (5th Cir. 2010)(same).

As to Metlife's request for fees, the court notes as follows: The case was simple and straightforward; Metlife did not perform any unique services for the claimants or the court; and the claimants did not unduly complicate or protract the proceedings to the detriment of Metlife.  See Karle v. American Int'l Group, 2010 WL 3342289 (5th Cir. 2010)(outlining

factors to be considered in determining whether to award fees in interpleader actions); <u>Royal Indem. Co. v. Bates</u>, 307 Fed.Appx. 801, 806 (5th Cir. 2009)(same).  This was (and is) a straightforward dispute over the proceeds of a life insurance policy.  As such, it is part of the regular course of business of MetLife.  Also, MetLife's filing of the interpleader affords it value in the form of protection from possible multiple liability for the $61,000 policy.

Accordingly, both requests for attorney's fees are denied.  A judgment will be entered shortly in accordance with the discussions at the status conference on June 30, 2010.

THUS DONE AND SIGNED in Shreveport, Louisiana, this 7th day of September, 2010.

MARK L. HORNSBY
UNITED STATES MAGISTRATE JUDGE